IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LUCIOUS ABRAMS, JR. and <br> R.C. ABRAMS, <br><br> Plaintiffs, <br><br> v. <br><br> C. BRIAN STUCKEY, District <br> Director, Farm Service Agency, <br> United States Department Of <br> Agriculture, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CV 114-190 |

## O R D E R

Presently pending before the Court is Defendant's motion to transfer venue, with Plaintiff's consent, to the United States District Court for the District of Columbia (Doc. 4). For the reasons stated herein, the motion is **GRANTED**.

### I. BACKGROUND

This matter comes before the Court on removal, following Plaintiffs' motion for entry of a temporary restraining order ("TRO"), which was granted in the Superior Court of Burke County, Georgia. (Doc. 1.) There, Plaintiffs sought a TRO to prevent foreclosure on a 350-acre tract of land due to nonpayment of loans from the Farm Service Agency and United States Department of Agriculture ("USDA"). (Doc. 1, Ex. 1.) The motion for a TRO was based upon a pending motion to vacate and set aside an arbitrator's decision filed in the District Court for the District of Columbia, which, if granted, would allegedly prevent foreclosure. (Doc. 4.)

A brief background into the arbitrator's decision is helpful to understand the underlying claims. In 1998, the District Court for the District of Columbia certified a class of African-American farmers who alleged that the USDA discriminated against them in applications for farm loans and benefit programs. (Doc. 4.) That court allowed individual claimants to resolve claims through decisions by a third-party neutral. (Id.) Lucious Abrams, Jr.[1] submitted one of these so-called "Pigford claims," which was dismissed by the arbitrator for failure to show a prima facie case of discrimination. (Id.) On October 14, 2008, Lucious Abrams, Jr. filed a complaint in the District Court for the District of Columbia alleging the dismissal of his Pigford claim violated due process, which the court dismissed on August 24, 2009. (Id.) On September 18, 2014, Lucious Abrams, Sr. and Sons, the partnership, and Lucious Abrams, Jr. filed a complaint to set aside the arbitrator's decision dismissing the Pigford claim. On October 8, 2014, the court ordered the United States to file a response by October 24, 2014. (Id.)

---

[1] Plaintiffs inherited the land at issue from their father, the late Lucious Abrams, Sr. ("Mr. Abrams"). Mr. Abrams, through a partnership with three of his sons, Lucious Abrams, Jr., Herbert Abrams, and R.C. Abrams operated a partnership known as Lucious Abrams, Sr. & Sons. The partnership received federal farm loans to assist in the operation of the farm's business. Five of Mr. Abrams' daughters brought an identical complaint in the Superior Court of Burke County, which was also removed to this Court. See Zennie Houston, Betty Turner, Frances Ross, Jesse Mae Abrams, and Florine Watson v. C. Brian Stuckey, No. 1:14-cv-191, Doc. 1 (S.D. Ga. 2014).

2

## II. DISCUSSION

As a preliminary matter, the Court notes that venue in the Southern District of Georgia is proper, as a "substantial part of property that is the subject of the action is situated" in this district. 28 U.S.C. § 1391(b)(2). Even so, a district court may transfer an action to any other district where the action may have been brought or to any district to which all parties have consented "[f]or the convenience of parties and witnesses [and] in the interest of justice[.]" 28 U.S.C. § 1404(a). This inquiry thus requires a two-part analysis: (1) the Court must determine if this action could have been brought in the alternate venue; and (2) the Court must determine whether the convenience of parties and witnesses, as well as the interest of justice, require transfer.

Addressing the first part, this action could have initially been brought in the District of Columbia. See Game Controller Tech LLC v. Sony Computer Entm't Am. LLC, 994 F. Supp. 2d 1268, 1272-73 (S.D. Fla. 2014) ("An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum.") Personal and subject matter jurisdiction are both proper in the District of Columbia, as Plaintiffs have (1) consented to the transfer and (2) sued an agency of the United States in which a contract governs the relationship. 28 U.S.C. § 1346(a)(2); Baragona v. Kuwait & Gulf Link Transp. Co., 594 F. Supp. 2d 1351,

3

1360 (N.D. Ga. 2009) ("An individual may voluntarily subject himself to the jurisdiction of a court by appearance or may contract in advance to submit to the jurisdiction of a given court."). Additionally, venue is proper because the USDA is headquartered in Washington, D.C. See 28 U.S.C. § 1391(e)(1) (venue is proper in any district where a defendant resides).

Finally, the Court finds that the United States District Court for the District of Columbia is a more convenient forum and that transfer is in the interest of justice. Here, the facts and circumstances that form the basis for the TRO presently are being litigated in the District of Columbia. The TRO is thus inextricably tied to the pending action in the District of Columbia, and this Court finds transfer proper in order "to avoid unnecessary inconvenience . . . and to conserve time, energy, and money." Gonzalez v. Pirelli Tire LLC, No. 07-80453-CIV, 2008 WL 516847, at *1 (S.D. Fla. Feb. 22, 2008).

Accordingly, and in light of Plaintiffs' consent to transfer, Defendant's motion to transfer venue is hereby **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the District of Columbia**. Following transfer, the Clerk is shall terminate all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4